ESTATE OF LORIMAN CHEW, } JUNE TERM, 1849.
A LUNATIC.

[LUNATIC—LUNACY.]

IF the committee of the person and estate of a lunatic has given a well secured bond for the faithful administration of his trust, and is in other respects a fit person to have the custody and estate of the lunatic, his insolvency, in fact, (not having taken the benefit of the insolvent laws,) is not cause for removal.

[William Goldsborough was appointed committee of the person and estate of Loriman Chew, a lunatic, and gave bond with sureties for the faithful performance of his duties. After his appointment he became insolvent, and his securities filed the petition referred to in the following opinion of the Chancellor.]

THE CHANCELLOR:

This is an application by the sureties of William Goldsborough, the committee of the lunatic, to compel him to execute another bond, with other and different sureties, upon the allegation which is not disputed that he has become insolvent. The prayer of the petition is, that he may be compelled to execute another bond with other and different sureties, and that if he fail to do so within a time to be limited by the court, that his appointment may be revoked. The petition prays also for further relief, and the question submitted is not that the committee shall be required to give another bond, for it is conceded he should be required to do so, but that whether he offers a satisfactory bond or not, he shall be removed from his trust, because he has become insolvent.

It seems to be settled in England, that the bankruptcy of the committee of the estate of a lunatic, is a sufficient ground for his removal, and that if the committee of the person become a bankrupt, it is a reason for removing him on account of the fund for his maintenance, for, as the Lord Chancellor said in *Exparte Mildmay*, 3 *Vez.*, 2, "if I order a sum of money for his maintenance, I cannot put that sum in the hands of a person over whose administration of it I have no control." This was said of an uncertificated bankrupt, but to whom, as was asserted, a certificate would probably be allowed in a short time. See 1 *Collinson on Idiots*, 250, 313; 2 *Madd. Ch. Pr.*, 742.

In the case now under consideration, the committee is not a technical insolvent. He has not, nor is it alleged that he contemplates applying for the benefit of the insolvent laws, and, therefore, the remarks of the Chancellor in *Exparte Mildmay* do not apply, because the administration of the estate of the lunatic in his hands is entirely under the control of the court.

5*

The question, it appears to me is, has the committee given a well secured bond for the faithful administration of his trust? If he has, and he is in other respects a fit person to have the custody of the person and estate of the lunatic, it is not thought that the condition of his private affairs (unless perhaps when it is shown that he has taken the benefit of the insolvent laws) will be regarded as a cause for removal.

It is to be recollected in this case, that no misconduct on the part of the committee is charged, the application resting exclusively upon his insolvency in fact. And it should also be remarked, that though the petition contains a prayer for further relief, the particular relief, and, indeed, the only relief which seems to have been contemplated when the proceeding was instituted, being for a new bond in place of the old one. The application, it is also to be observed, is by the sureties in the bond, who seem in no way connected with the lunatic, and whose only object appears to have been to be exonerated from their responsibility as such sureties. Upon a petition so framed, and by such parties, I do not think I should be justified in removing the committee, and will, therefore, pass an order requiring him to give a new bond within a reasonable time.